CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

NOV 0 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MICHAEL BRACKETT,  )
    Plaintiff,  ) Civil Action No. 7:05CV00614
)
v. ) **MEMORANDUM OPINION**
)
) By Hon. Glen E. Conrad
BLUE RIDGE REGIONAL JAIL, ) United States District Judge
    Defendant. )

The plaintiff, Michael Brackett, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

Background

The plaintiff is presently incarcerated at the Blue Ridge Regional Jail in Lynchburg, Virginia. In his first claim, the plaintiff alleges that inmates at the jail often have to eat cold vegetables for dinner, because their dinner trays are placed in a cooler upon being prepared. The plaintiff further alleges that when inmates complained about the vegetables being cold, jail employees began serving the vegetables with vinegar and calling the mixture a salad.

In his second claim, the plaintiff alleges that inmates at the jail are issued shorts to wear, and that even though the shorts are supposed to be laundered twice a week, the plaintiff's shorts were not laundered for four weeks. The plaintiff notes that "[t]hey have staph infection going

---

* Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

around the jail so not changing the shorts out is unsanitary."

Discussion

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, an inmate must allege facts which show that he has either sustained a serious or significant physical or emotional injury resulting from the challenged conditions of confinement, or that the conditions have created an unreasonable risk of serious injury. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials acted with deliberate indifference. Id. at 1379.

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. The plaintiff does not allege that prison officials have seriously deprived him of food, or that he has suffered any deleterious effects from his dinner meals. While the plaintiff may be dissatisfied with the temperature and taste of the vegetables served for dinner, the alleged deprivation does not rise to the level of a serious or significant physical or mental injury.

The plaintiff's allegations regarding his unlaundered shorts are similarly deficient. While wearing unlaundered shorts may well be unsanitary, there is no indication that the shorts posed an unreasonable risk of serious harm to the plaintiff.

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(2). The Clerk is

2

directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

**ENTER**: This \_\_2nd\_\_ day of November, 2005.

                                                                                /s/                 
United States District Judge